UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X   13 CIV 9202
ASTRID BOJAJ, FRANCISCO PUELLO, VICENTE
GONZALEZ-GONZALEZ, RODRIGO PALMA
QUINTERO, RAMON L. PUELLO, FRANKLIN,
RODRIGUEZ, ALEJANDRO GONZALEZ JONES,
OVIDIO BONILLA, MARIO BRITO, JOSE
ANTONIO JUAREZ-JUAREZ, FRANK ROSSI and
JUAN CARLOS JUAREZ individually and on behalf
of all other persons similarly situated who were
employed by the Defendants

                                      Plaintiffs,        **ANSWER and**
       -against-                                                 **Counterclaim**

MORO FOOD CORP., 802 RESTAURANT CORP.,
AJARL RESTAURANT CORP., LUIGI'S
TRATTORIA INC., THE FIVE AMIGOS INC.,
MAMMA RISTORANTE CORP., TUTTO PIZZA
INC., VOLO RESTAURANT CORP.
and
ANTONIO ROMANO, ROSA ROMANO,
SALVATORE ROMANO, JULIAN ROMANO,
CHRISTOPHER LOMATTA, DANIELLA LOMA TT A,
RAMON MARIO ZARATE

                                      Defendants.
------------------------------------------------------------------X

Defendant, JULIAN ROMANO, through his attorney, SOL KODSI, ESQ., answering the complaint of plaintiff, upon information and belief, alleges as follows:

1. Denies knowledge or information sufficient to form a belief as to each and every allegation set forth in paragraphs 1, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 35, 36, 37, 38, 39, 40, 41 42, 43, 44, 47, 48, 52, 53, 54, 55, 56, 62, 63, 64, 69, 70, 71, 76, 77, 78, 83, 84, 87, 88, 89, 90, 91, 92, 93, 94, 95, 98, 103, 104, 105, 106, 107, 112, 113, 114, 116, 117, 122, 123, 124, 126, 130, 132, 133, 136, 138, 139, 140, 141, 142, of the complaint.

2. Denies the allegations set forth in paragraphs 2, 3, 4, 5, 6, 7, 34, 45, 46, 49, 50, 51, 57, 58, 59, 60, 61, 65, 66, 67, 68, 72 73, 74, 75, 79, 80, 81, 82, 85, 86, 96, 97, 99, 100, 101, 102, 108, 109, 110, 111, 115, 118, 119, 120, 121, 125, 127, 128, 129, 131, 134, 135, 137, of the complaint.

3. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in the previous paragraphs of this complaint with the same force and effect as though the same were more fully set forth at length herein.

### FIRST AFFIRMATIVE DEFENSE

4. Personal jurisdiction over this defendant is lacking

### SECOND AFFIRMATIVE DEFENSE

5. Defendant, JULIAN ROMANO, was not an owner, officer, director, shareholder, and did not hold any other position of legal significance to the allegations in the complaint during the relevant time period(s), in MORO FOOD CORP., 802 RESTAURANT CORP., AJARL RESTAURANT CORP., LUIGI'S, TRATTORIA INC., THE FIVE AMIGOS INC., MAMMA RISTORANTE CORP., TUTTO PIZZA INC., VOLO RESTAURANT CORP.

6. Accordingly, defendant JULIAN ROMANO is not an "employer" under any of the statutes alleged in the complaint, and plaintiffs lack any standing to sue defendant JULIAN ROMANO, and JULIAN ROMANO is an improper defendant to this action, and the action should be dismissed as against JULIAN ROMANO.

### THIRD AFFIRMATIVE DEFENSE

7. Defendant, JULIAN ROMANO, was not a party to any of the agreements alleged in the complaint, and as such any claims regarding breach of those agreements should be dismissed as against JULIAN ROMANO.

### FOURTH AFFIRMATIVE DEFENSE

8. Plaintiff's claims are barred by the applicable statute(s) of limitations.

### Counterclaim

9. Plaintiff and/or its counsel brought this action against defendant JULIAN ROMANO, knowing that he was not an owner shareholder, officer or director of any of the corporate defendant or entitles, and/or without investigating or ascertaining his status or undertaking due diligence to ascertain same, prior to filing suit.

10. In fact, at least one of the named plaintiffs was not even aware that purported wage, overtime, tips or salary related claims were even being brought in his name.

11. As such there is no basis in law or in fact to have brought this action against JULIAN ROMANO and it is frivolous and without merit.

12. In having to defend this action, JULIAN ROMANO is and will be forced to incur legal fees, costs and disbursements to defend himself.

13. Accordingly, JULIAN ROMANO seeks judgment against plaintiffs and/or their counsel for his legal fees, costs and disbursements incurred and to be incurred to defend himself in this action.

WHEREFORE, Defendant demands judgment dismissing plaintiff's complaint, and judgment on his counterclaim, together with costs and disbursements.

Dated: New York, New York
June 19, 2014

_____
SOL KODSI, ESQ.
Attorney for Defendant
JULIAN ROMANO
111 John Street, Suite 800
New York, New York 10038
(212) 240-9704
Fax (212) 385-4198
sol@kodsilaw.com