UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ASTRID BOJAJ, et al.,

                Plaintiffs,

     v.

MORO FOOD CORP., et al.,

                Defendants.

13 Civ. 9202

**OPINION**

      Plaintiffs, former employees of several restaurants, bring a civil complaint on behalf of themselves and others similarly situated. Plaintiffs allege that restaurants and their operators withheld overtime pay, minimum wages, and tips.

      Three defendants—Mamma Ristorante Corp. ("Mamma"), The Five Amigos Inc. ("Five Amigos"), and Ramon Mario Zarate—move to dismiss the claims under Federal Rule of Civil Procedure 12(b)(6). Mamma and Five Amigos contend they did not employ plaintiffs, or that the claims against them are otherwise defective. Zarate argues that he did not operate any restaurants that employed plaintiffs.

      The court grants the motions, dismissing the claims against those three defendants. Claims against all other defendants remain.

**Claims and Parties**

This is a putative class action pursuant to the Fair Labor Standards Act, with related state law claims. Named plaintiffs, twelve former restaurant employees, allege that several restaurants and restaurant operators violated employees' rights.

Plaintiffs allege that, from 2006 to the present, these restaurants and their operators consistently underpaid employees, depriving them of minimum wages, overtime pay, and tips. Specifically, plaintiffs claim defendants failed to pay minimum wages required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 203 and 206, and New York Labor Law ("NYLL") §§ 650 *et seq.* They also claim defendants denied them overtime pay, violating the FLSA, 29 U.S.C. § 207, New York Code of Rules and Regulations § 142-2.2, and NYLL § 663. Finally, they claim defendants withheld tips in violation of the FLSA, 29 U.S.C. § 203(m), and NYLL §§ 190 *et seq.*

Defendants are divided into two groups: the restaurants that employed plaintiffs (the "restaurant defendants"), and the individuals who allegedly control those restaurants (the "individual defendants"). The restaurant defendants are 802 Restaurant Corp., Ajarl Restaurant Corp, The Five Amigos Inc., Luigi's Trattoria Inc., Moro Food Corp., Mamma Ristorante Corp., Tutto Pizza Inc., and Volo Restaurant Corp. The individual defendants are: Antonio Romano, Rosa Romano, Salvatore Romano, Julian Romano, Christopher Lomatta, Daniella Lomatta, and Ramon Mario Zarate.

Plaintiffs do not allege that all seven individual defendants control all the restaurant entities.  Plaintiffs instead allege that the individual defendants are a group of associated business people, operating with a common policy of underpaying employees at their restaurants.

### Standard for Motion to Dismiss

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead sufficient facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007).  Reciting the cause of action does not suffice.  Instead, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  Unless a plaintiff's well-pleaded allegations have "nudged [her] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

The court now turns to the allegations concerning defendants who seek dismissal, and discusses each in turn.

### Mamma Ristorante Corp.

*The Complaint*

Mamma is a restaurant business based in New York City.  Two of the twelve named plaintiffs allege in the complaint that they worked for Mamma.  But in the reply brief, plaintiffs admit an error: in fact, only one named plaintiff worked for Mamma.

3

This plaintiff who did allegedly work for Mamma is Frank Rossi.  Rossi alleges that he worked as a manager for Mamma, as well as for co-defendants 802 Restaurant Corp., Ajarl Restaurant Corp., Tutto Pizza Inc., Volo Restaurant Corp., "at various times from 2008-2011."  Compl. ¶ 19.

Plaintiffs make no specific claims about Mamma's conduct in the complaint.  The only allegations against Mamma are general statements concerning the failure of all defendants to duly compensate employees.  *See* Compl. ¶¶ 2-4.  However, plaintiffs urge that this was an oversight, and that they intended to name Mamma alongside 802 Restaurant Corp. in paragraph 70 of the complaint.

In paragraph 70 of the complaint, Rossi alleges that 802 Restaurant Corp. improperly compensated him.  Namely, he alleges that he worked for 802 Restaurant Corp. "at the hours described previously for Moro Food Corp., and [was] paid at wages similar to those described under Moro Food Corp."  Compl. ¶ 70.  Plaintiffs urge the court to consider this paragraph of the complaint amended as though Mamma were named alongside 802 Restaurant Corp.

If the court accepts plaintiffs' proposed amendment, it remains unclear what hours and wages Rossi alleges.  "The hours [and wages] described previously for Moro Food Corp." refers, ambiguously, to one or more of several other plaintiffs' allegations of underpayment by Moro Food.  For example, co-plaintiffs Astrid Bojaj and Francisco Puello allege they worked 84-hour weeks at Moro Food and received no pay at all, except tips.  Compl. ¶ 54.  Other co-

4

plaintiffs, such as Franklin Rodriguez, Ovidio Bonilla, and Ramon L. Puello, allege Moro Food paid them low, fixed weekly sums, irrespective of hours worked, and no tips.  Compl. ¶ 52, 53, 56.  Therefore, even amended as plaintiffs propose, the complaint does not contain specific facts about how Mamma compensated Rossi.

*Grounds of Mamma's Motion to Dismiss*

Defendant Mamma moves to dismiss, arguing that each of plaintiffs' claims should be dismissed against Mamma on the following grounds.  The minimum wage claims should be dismissed because the complaint contains no statement of Rossi's alleged wages and hours at Mamma.  The overtime wage claims, Mamma continues, should be dismissed because Rossi does not allege facts showing that he worked overtime hours at Mamma.  *See Lundy v. Catholic Health System of Long Island*, 711 F.3d 106, 114 (2d Cir. 2013).  Mamma contends the tip appropriation claim under the NYLL should be dismissed because Rossi does not allege he was eligible to receive tips.  *See Barenboim v. Starbucks*, 21 N.Y.3d 460, 473 (2013).  Finally, Mamma argues that all plaintiffs' FLSA claims should be dismissed because they are time-barred.

*Insufficiency of Pleadings for Overtime, Minimum Wage, and Tips Claims*

To state an overtime claim under the FLSA in this Circuit, a plaintiff must allege 40 hours of work in a given week, improperly compensated time exceeding those 40 hours, and eligibility for overtime pay.  *Lundy*, 711 F.3d at 114.  Here, on the most charitable interpretation, the complaint alleges only

that Rossi worked under conditions "similar" to a wide range of conditions alleged by different plaintiffs who worked in various roles at a different restaurant.[1]  Therefore, with respect to both the FLSA and NYLL overtime claims, the court can only speculate as to threshold facts such as whether Rossi worked more than 40 hours for Mamma in any particular week.

Similarly, the complaint does not allege facts giving rise to Rossi's minimum wage and tip withholding claims against Mamma under either the FLSA or NYLL.  Plaintiffs allege neither the hours of Rossi's employment with Mamma, nor the payments that amounted to compensation below the state or federal minimum wage.  And plaintiffs fail to allege either that Rossi was eligible to receive tips, or that Mamma withheld them from him.

*Statute of Limitations*

Mamma contends that plaintiffs' FLSA claims against Mamma should be dismissed because they are time-barred.  The FLSA has a three year statute of limitations for "willful" violations, and a two year statute of limitations otherwise.  29 U.S.C. 255(a).  A willful violation occurs where a defendant knowingly or recklessly violates the FLSA.  *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1062 (2d Cir. 1988).

Mamma is correct that plaintiffs fail to plead an FLSA claim that survives the statute of limitations.  This action was brought on December 31, 2013, and

---

[1] Paragraphs 52-56 of the complaint describe various illegal conditions under which Moro Food allegedly employed other plaintiffs (not Rossi).  Accepting plaintiffs' proposed amendment, Rossi would allege at paragraph 70 that Mamma employed him under conditions similar to those described in paragraphs 52-56.

plaintiffs allege Rossi worked at an array of restaurants including Mamma "at various times from 2008-2011." Compl. ¶ 19.  Given the two years that elapsed between Rossi's last possible employment with Mamma, and the commencement of this action, plaintiffs' only hope of pleading FLSA claims that survive the statute of limitations is to plead willful FLSA violations.  But, other than asserting Rossi's treatment by Mamma was "similar" to illegal employment conditions prevailing at Moro Food, the complaint contains no facts about Mamma's conduct.  This does not amount to a pleading of facts sufficient to state a plausible claim of a willful FLSA violation.  *See Iqbal*, 556 U.S. at 677-78.

For the foregoing reasons, all the claims against Mamma are dismissed.

## Five Amigos

Plaintiffs allege that Five Amigos, a restaurant business based in New York City, violated employees' rights in the same manner as the other restaurant defendants.  None of the twelve named plaintiffs allege they ever worked for Five Amigos.  Nonetheless, plaintiffs contend that Five Amigos and its employees belong in this putative class action.  They observe that Five Amigos' operator, Ramon Mario Zarate, is a longtime business associate of Antonio Romano, the principal owner and operator of other restaurant defendants.  Thus, plaintiffs argue, the violations at Five Amigos were part of a common underpayment scheme that Romano and Zarate perpetrated together at all of the restaurants either of them controlled.

Defendant Five Amigos requests dismissal on the ground that plaintiffs have not alleged facts giving them standing to sue. Only employees may sue under the FLSA and NYLL. *See* 29 U.S.C. § 216; NYLL § 653. Therefore, if plaintiffs do not allege that Five Amigos employed them, they lack standing to maintain a claim against Five Amigos. *See, e.g., Rent Stabilization Ass'n of City of New York v. Dinkins*, 5 F.3d 591, 594 (2d Cir. 1993).

Plaintiffs reply that the claims against Five Amigos should stand in spite of the failure to allege employment, because Five Amigos belongs to Zarate, who violates employees' rights in the same manner as his business partners in the Romano family. This argument does not address the deficiency in the plaintiffs' standing. The claims against Five Amigos are dismissed.

### Ramon Mario Zarate

Plaintiffs allege that Zarate operated three restaurant defendants at the relevant times: Five Amigos, Luigi's Trattoria, and Mamma. The claims against Five Amigos and Mamma are dismissed for the reasons discussed above. Further, Zarate's control over Luigi's provides no reason to maintain the claims against him because no plaintiff alleges employment with Luigi's.

The claims against Zarate are dismissed.

### Conclusion

The court dismisses the claims against defendants Five Amigos, Mamma, and Zarate. The clerk is instructed to resolve items 26, 28, and 30 on the docket.

8

SO ORDERED.

Dated: New York, New York
November 13, 2014

*Thomas P. Griesa*
United States District Judge